The negro in question had been sold by the defendants at public sale without any warranty of soundness, and without disclosure of any defects. The only question made below on the evidence was whether the plaintiff had a knowledge of the negro's situation when he purchased him; and on this point a witness swore positively that he had informed the plaintiff of the defect in the negro before he purchased.
The court instructed the jury that if the plaintiff at the time he purchased had a full knowledge of the soundness of the slave as that possessed by the defendants he was not entitled to recover. The jury found a verdict for the defendants, and, a new trial having been refused, from the judgment rendered plaintiff appealed.
This action is built upon the allegation that the seller committed a fraud in the sale of property which he knew to be diseased (223) without disclosing the defect to the buyer; it being probable that if he had made such disclosure the latter would not have purchased at all, or at least at the price he actually paid. The material charge in all the precedents of declarations in this action is that the defendant falsely and fraudulently deceived the plaintiff in the sale, whereby he lost and was deprived of all the benefit and advantage which he might and otherwise would have derived and acquired from the sale. Now, this cannot be predicated of a person to whom the defect was as well known as to the seller; it cannot be affirmed with truth that he was deceived, or that he suffered a loss by the fraudulent concealment of the other party; for, having knowledge of the defect, it must be presumed that he bid so much the less. If he has been injured by the purchase, he willingly received the injury with his eyes open, nor can he justly claim compensation from any one.
The principle is well established in relation to this kind of action, both in the sale of chattels and real property; for, although every one must admit the immorality of concealing the defect from the purchaser in the expectation of unworthy gain, yet a person buying with full knowledge can only complain of the intention of the seller, but not of his acts. Thus it is laid down that an action of deceit does not lie against him who sells without warranty if the thing sold had a visible malady which the vendee had an opportunity of discovering; as if a man sell a horse that he knew to be lame, or had any defect which the *Page 121 
vendee might perceive by inspection; or if he sell corrupted wine, and the vendee taste and approve it. 1 Com. Dig., 170. Nor is it essential in every case that the buyer should actually know of the defect; for in things of a certain value, if the buyer has it in his power to inform himself of the true value, and neglects it, he cannot maintain the action; as if a man, wishing to sell a house, asserts that another person would give so much for it, whereas he had not made any offer, the action will not lie, because the buyer might (224) by inquiring have informed himself of the truth. Ld. Raym, 1118.
The same rule seems to be applicable to sales equally, whether there be warranty or not; for with the single exception of a horse warranted sound, and he wants the sight of an eye, the discovery of which seems to be a matter of skill, a warranty does not bind if it be false in the view or knowledge of the vendee; as if cloth be warranted of one color and it is of another, and the vendee sees it. 1 Com. Dig., 168.
A further extension of the principle has applied it to cases where the plaintiff sustains a positive damage by the false and fraudulent assertion of the defendant; yet as the falsehood might have been detected by the exercise of ordinary diligence, and all injury averted, it was held that he could not maintain the action; as where the agreement was to carry goods at so much the hundredweight, and the defendant affirmed they weighed much less than in fact they did, whereby the plaintiff was induced to carry them and lost his horses in the attempt; but it was held the action would not lie, since it was negligence in the plaintiff not to weigh the goods. Cro. Jac., 387.
All this is perfectly conformable to the dictates of rational equity; and we find the writers on general law inculcating the rule to the same extent in which it is enforced by our municipal law. Thus it is stated in Puffendorf that, as to faults already known to the buyer, it is not necessary for the seller to repeat them, for when the knowledge is equal on both sides the parties stand on the same footing in view of justice. Lib. 5, ch. 3, sec. 5.
I am consequently of opinion that the knowledge of the plaintiff as to the imperfection of the property was properly submitted to the jury; and having been affirmed by them, justified a finding for (225) the defendant.